IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRIAN ELLENBERGER                                                                                        PLAINTIFF

v.                        Civil No. 2:23-cv-02030-PKH-MEF

JAIL ADMINISTRATOR SHANE DAVIS,
Scott County Detention Center;
SERGEANT MERCEDES ANDERSON; and
JAILER NICHOLUS HAYNES                                                                          DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Brian Ellenberger, currently an inmate of the Scott County Detention Center ("SCDC"), filed this civil rights action under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. The Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.     BACKGROUND

On February 13, 2023, when Plaintiff went to pill call, Jailer Haynes stated he had given Plaintiff's medication to another inmate. (ECF No. 1 at 4). Jailer Haynes then asked if Plaintiff took the same medication as the other inmate. *Id.* Plaintiff responded he did not. *Id.* Despite having said no, Plaintiff says Jailer Haynes knowingly gave him someone else's medication. *Id.*

1

at 5.  Plaintiff states he has high blood pressure, and nothing was done that day to get him the right medication.  (ECF No. 1 at 5).  After taking the other inmate's medication, Plaintiff states his throat began to swell and he had chest pain.  *Id.*  Plaintiff says he was never checked on after he was given the wrong medication.  *Id.* at 8.  He asserts his blood pressure was left untreated for 24 hours.  *Id.* at 5, 8, 9.  With respect to Jail Administrator Davis and Sergeant Anderson, Plaintiff indicates they inappropriately trained staff "on how to pas[s] out medication."  *Id.* at 5.  As relief, Plaintiff seeks compensatory damages in the amount of $200,000.  *Id.* at 9.

## II.  APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).  There is no question that Defendants were acting under color of law at the times relevant to this action.

### A.  Denial of Medical Care Claim

"To prevail on an Eighth Amendment claim for deprivation of medical care, an inmate must show that the prison official was deliberately indifferent to the inmate's serious medical needs." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).  The deliberate indifference inquiry consists of an objective prong and a subjective prong.  *Scott v. Benson*, 742 F.3d 335, 339-40 (8th Cir. 2014).  Under the objective prong, Plaintiff must show he suffered from an objectively serious medical need.  *Id.* at 340.  A medical need is objectively serious if it either has been "diagnosed by a physician as requiring treatment" or is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).  The Court will assume having high blood pressure for which he is on daily medication constitutes a serious medical need.  Under the subjective prong, Plaintiff must show that an official "actually knew of but deliberately disregarded his serious medical need.  This showing requires a 'mental state akin to criminal recklessness: disregarding a known risk to the inmate's health.'"  *Scott*, 742 F.3d at 340 (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir.

3

2006)).

At this stage of the case, Plaintiff need only allege a plausible claim. Because Plaintiff has alleged Jailer Haynes ***knowingly*** gave him the wrong medication, the Court believes a plausible claim of deliberate indifference has been stated. Further, having knowingly given Plaintiff the wrong medication, Jailer Haynes apparently did not monitor Plaintiff for ill effects or obtain medical care for him when he suffered the ill effects.

### B. Failure to Train Claim

Plaintiff's sole claim against Jail Administrator Davis and Sergeant Anderson is that they improperly trained, or failed to properly train, staff on how to pass out medication. Administrator Davis and Sergeant Anderson may be subject to liability on a failure to train theory in their individual capacity or Scott County may be found liable on an official capacity claim.

#### 1. Individual Capacity Claim

"[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "[A] supervising officer can be liable for an inferior officer's constitutional violation only 'if he [1] directly participated in the constitutional violation, or [2] if his failure to train or supervise the offending actor caused the deprivation.'" *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)). Plaintiff has not alleged any direct involvement in the alleged constitutional violation on the part of either Jail Administrator Davis or Sergeant Anderson.

For the supervisory officials to be held liable on a theory of failure to train or supervise, Plaintiff must show Jail Administrator Davis and Sergeant Anderson:

(1) Received notice of a pattern of unconstitutional acts committed by subordinates;

4

>    (2) Demonstrated deliberate indifference to or tacit authorization of the offensive acts;
>
>    (3) Failed to take sufficient remedial action; and
>
>    (4) That such failure proximately caused injury to the Plaintiff.

*Parrish*, 594 F.3d at 1002 (citing *Jane Doe A v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990)).

Here, Plaintiff only makes the conclusory allegation that they improperly trained Jailer Haynes. This is nothing more than a "'naked assertion[]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 681 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Other than this single incident, Plaintiff points to no other incidents that have occurred that would have put the supervisory officials on notice that further training was needed. No plausible claim is stated against Jail Administrator Davis or Sergeant Anderson in their individual capacities.

   **2. Official Capacity Claim**

As stated in *Monell v. New York Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978), there is no respondeat superior liability under § 1983. Thus, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Id.* Rather, municipal liability for a constitutional violation will only attach if the violation resulted from "an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or an employee." *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016). Here, Plaintiff alleges liability based on improper training or failure to train.

>    Scott County may be subject to liability for a failure to train.
>
>    But, a local government may be subject to § 1983 liability for "inadequate training of its employees," *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103

L.Ed. 2d (1989), "where (1) the [county's] . . . training practices [were] inadequate; (2) the [county] was deliberately indifferent to the rights of others in adopting them, such that the 'failure to train reflects a deliberate or conscious choice by [the county]'; and (3) an alleged deficiency in the . . . training procedures actually caused the plaintiff's injury." *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996) (quoting *City of Canton,* 489 U.S. at 389, 109 S.Ct. 1197)).

*Parrish*, 594 F.3d at 997.

"That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on a local government." *City of Canton*, 489 U.S. at 390-91.

Instead, to satisfy the standard, [Plaintiff] must demonstrate "that in light of the duties assigned to specific officers . . . the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [county] can reasonably be said to have been deliberately indifferent to the need."

*Parrish*, 594 F.3d at 997-98 (quoting *City of Canton*, 489 U.S. at 390).

Again, Plaintiff has made only the conclusory allegation that Jailer Haynes was improperly trained. He points to nothing to suggest Scott County "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *Thelma D. v. Bd. of Educ.*, 934 F.2d 929, 934 (8th Cir. 1991). No plausible official capacity liability claim is stated against Scott County.

## IV. CONCLUSION

For these reasons, it is recommended that the individual and official liability failure to train claims against Jail Administrator Davis and Sergeant Anderson be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b)(1). This would dismiss all claims against Jail Administrator Davis and Sergeant Anderson.

By separate Order the Complaint will be served on Jailer Haynes.

**The parties have fourteen (14) days from receipt of the Report and Recommendation**

6

**in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE